# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

OSCAR ESPINOSA,

    Petitioner,

v.                             Case No. CV411-181

ROBERT TOOLE, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

Oscar Espinosa has filed a 28 U.S.C. § 2254 petition challenging his armed robbery conviction, as affirmed by *Espinosa v. State*, 285 Ga. App. 69 (2007), *cert. denied*, *id.* at 69 (Oct. 9, 2007). Doc. 1. Upon preliminary review of his petition under 28 US.C. § 2254 Rule 4, the Court concludes that it must be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

The Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a one-year statute of limitations on all federal habeas corpus petitions." *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). Espinosa thus was required to file his petition within one year of the date his state court judgment of conviction became final. 28 U.S.C. §

1

2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009). A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 129 S. Ct. at 685. Here, that date is October 9, 2007 -- the day the U.S. Supreme Court denied certiorari. *Espinosa*, 285 Ga. App. at 69. Espinosa did not file the instant petition until July 6, 2011, doc. 1 at 7 (his Certificate of Service signature date, which constitutes filing under 28 U.S.C. § 2254 Rule 3(d)'s mailbox rule) – far beyond § 2244(d)(1)(A)'s 365-day limit.

But "[u]nder the [AEDPA], 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the 1-year limitation period for filing a federal habeas petition. 28 U.S.C. § 2244(d)(2)." *Wall v. Kholi*, ___ U.S. ___, 131 S.Ct. 1278, 1281 (2011). The attached state habeas trial court record that the Court independently obtained shows that Espinosa filed a state habeas petition on December 12, 2008 -- a fact not disclosed on his § 2254

petition here. Doc. 1 at 3.¹ 426 days thus elapsed between October 9, 2007 (the date his conviction became final) and December 12, 2008.² Hence, Espinosa failed to stop the one-year clock.

But Espinosa cites to a second, "collateral review" motion that he filed in 2010 and that was just recently denied in the state courts. He then additionally cites a somewhat vague Eleventh Circuit case, *Estes v. Chapman*, 382 F.3d 1237 (11th Cir. 2004), in arguing around the time bar. Doc. 2 at 1. His argument fails, but the vagueness arising from *Estes* necessitates some explanation.

Again, the one-year limitation period is tolled during the pendency

---

¹ It would greatly assist courts if the § 2254 form petition issued to petitioners actually *asked* them about the filing and disposition dates of their state habeas petitions. The form Espinosa used here did not. Doc. 1 at 3-4. Fortunately, the Court was able to access the state habeas court's online docket (1st attach.) to get that information. But that is not always an option, and too often this Court must then await the State's response merely to get that piece of filing date data (i.e., the Court passes the petition on through Rule 4 screening and the State typically then moves to dismiss on untimeliness grounds, furnishing such data at that time).

That constitutes a public resource waste that can easily be avoided simply by asking the petitioner just one simple question: When did you file your state habeas petition? The Administrative Office of the U.S. Courts has issued "AO 241," a § 2254 form petition with *does* seek this critical bit of data from prisoners. And this Court's Clerk now hands out that form (evidently Espinosa's prison library is distributing an older, obsolete version). It is available on this Court's website: http://www.gasd.uscourts.gov/pdf/2254.pdf. **The Georgia Attorney General is encouraged to supply all Georgia prisons with this updated § 2254 form.**

² That petition, by the way, was denied on December 3, 2009. 1st Attach.

3

of 'a properly filed application for State post-conviction or other *collateral review* with respect to the pertinent judgment or claim.' § 2244(d)(2)." *Wall,* 131 S. Ct. at 1283 (emphasis added). But not every post-conviction filing constitutes a "collateral review" motion, so if what Espinosa later filed fails to qualify as a request for collateral relief, then his second-wave effort fails on those grounds alone.

The *Wall* Court defined "collateral review" to mean any proceeding, other than a direct appeal, in which a judgment of conviction is in some material way reexamined. *Wall,* 131 S. Ct. at 1285 ("'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."). Collateral review includes, then, a state habeas petition, a petition for a writ of *coram noblis*, and, in Rhode Island (the state rule reviewed in *Wall*), a sentence-reduction motion equatable to a Fed. R. Cr. P. 35 motion. *Id.* at 1284-89. Thus, a collateral review filing need not challenge the lawfulness of the prior judgment, just materially affect it in some way.

But *Wall* said nothing about the impact of time-gaps between collateral review filings. Other courts have, and the rule is that a later

4

motion cannot compensate for a fatal (more than one year) gap.[3] Espinosa tries to get around that by insisting that the State has no time deadline for filing "vacate as void" petitions.[4] Doc. 2 at 1-2. And his second, post-conviction state court filing, he reminds, was a motion to "vacate void and illegal sentence." He rested it on the ground that the state had failed to accord him "First Offender" treatment. *Id.* at 2. And he filed it, he says, on July 26, 2010.[5] *Id.* The online Georgia Court of Appeals docket shows that the state trial court denied the motion[6] on October 21, 2010, Espinosa appealed on November 12, 2010, and the

---

[3] Even if one properly files a collateral review application *"following* the expiration of the federal limitations period[, it still] *cannot* toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quotes and cite omitted; emphasis added); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the limitations period has expired cannot toll the statute of limitations because there is no time left to toll).

[4] For ordinary state habeas petitions, felony-convicted inmates like Espinosa have four years to file. *See* O.C.G.A. § 9-14-42(c).

[5] Hence, another 235 days elapsed between the December 3, 2009 date on which his first habeas filing was denied and the date he filed this motion.

[6] This is not surprising. Under O.C.G.A. § 42-8-60(d)(1), it is not available to a defendant "who has been found guilty of . . . [a] serious violent felony as such term is defined in Code Section 17-10-6.1. . . ." *Id.* Espinosa was convicted of armed robbery, which is included in O.C.G.A. 17-10-6.1(a)(2). He did not furnish this Court with a copy of the June 14, 2011 appellate ruling, and it is not available online. Likely, however, it was denied on these grounds.

5

appeal was dismissed on June 14, 2011. 2nd Attach. All this, Espinosa argues, restarts the one-year federal limitations clock, thus making his § 2254 petition here timely. Doc. 2.

To that end, he relies on *Estes,* which held that a § 2254 petitioner's earlier, state-court motion to vacate a void sentence was "properly filed" under § 2244(d)(2), and that tolled the federal one-year limitations period. *Estes*, 382 F.3d at 1241. Espinosa reasons that he thus could file his "vacate as void" motion anytime. And *Estes*, he points out, recognizes that as a collateral review filing. Espinosa filed his § 2254 petition here just a month after his "vacate as void" filing was denied. He thus contends that since *Estes* failed to supply relevant filing dates, it therefore does not rule out later-in-time, collateral review motions. Put all that together, Espinosa concludes, and it wins him a free pass around the time-bar. Doc. 2 at 2-3.

Espinosa is only partially correct. *Estes* did say that one may file a "vacate as void" motion in state court at *any* time, *Estes*, 362 F.3d at 1238, and this Court agrees that it is a "collateral review" filing as defined by *Wall*. But *Estes* fails to supply relevant filing dates. And "the only reasonable reading of *Estes* is that the motion to vacate void

sentence at issue there was filed in the state court *before* the petitioner's one-year limitation period for filing a § 2254 petition had expired...." *Wetherington v. Benton*, 2006 WL 1431595 at * 3 (M.D. Ga. May 23, 2006) (emphasis added).[7] Meanwhile, *Thompson v. Sec'y, Dep't of Corrs.*, 595 F.3d 1233 (11th Cir. 2010), which relied upon *Estes*, reaffirms the rule that so long as a state prisoner *timely* seeks state collateral review, it does not matter if it that filing was not "authorized" because the wrong

---

[7] *Estes* regrettably failed to supply a procedural history of the dates on which petitioner Estes had filed for state postconviction relief. The *Estes* court supplied only the date of his *second* state court, postconviction filing. *Estes*, 352 F.3d at 1238 (noting that Estes filed his "vacate" motion "[i]n September, 2001"). On remand from that the district court supplied more dates. It noted that the Georgia Court of Appeals opinion affirmed his conviction on August 31, 1998, *Estes v. State*, 234 Ga. App. 150 (1998), and that Estes filed his first collateral review petition on March 15, 1999. *Estes v. Chapman*, 2007 WL 2710462 at *1 (N.D. Ga. Sep. 13, 2007). But it failed to say when the state habeas court denied that petition, much less when any appellate review was denied. *Id.* It did note that Estes filed his § 2254 petition in federal court on April 26, 2002, *id.* at * 2, and that it had been ruled untimely. *Id.* Again, however, the Eleventh Circuit reversed because in September 2001, Estes had filed a motion to vacate in the state courts (hence, a second state court, collateral review petition) and it could be filed at any time under Georgia law, thus making it properly filed, even if meritless. That tolled the § 2254 limitations period. *Estes*, 382 F.3d at 1238-41.

It is thus reasonable to conclude that Estes had not run out the federal limitations clock when he filed that second state collateral review motion (*i.e.*, that less than one year had elapsed between the date Estes's first (1999) collateral review filing was denied in state court and the date he filed his second collateral review filing). It is thus also reasonable to conclude that he timely filed his § 2254 petition following the denial of that second filing. Otherwise, the *Estes* court would have violated the *Webster/Tinker* rule -- that one cannot file a collateral review petition to *restart* an expired federal limitations period. Even if it did, *Estes* could not be used as authority in this case to ignore the *Webster/Tinker* rule because *Estes* was not an en banc opinion and thus it had no authority to overrule established Eleventh Circuit precedent. *See, e.g., United States v. Petho*, 409 F.3d 1277, 1280 (11th Cir. 2005).

state remedy has been invoked; all that matters is whether that court had jurisdiction to entertain it. *Id.*, 595 F.3d at 1237-39. The state court in *Estes* did.

Similarly, it appears that the state court hearing Espinosa's second ("vacate as void") collateral review filing also had jurisdiction. But in contrast to what the petitioner did in *Estes*, Espinosa's federal limitations clock had already ticked past one year when Espnosa filed that second motion. Nor does this Court interpret *Estes* to mean that he could he "restart" that clock by filing, *years* after his conviction became final, a second state court filing designed to imitate *Estes*:

> Applying the result in *Estes* to the factual circumstances here would be contrary to the decision in *Webster* and would serve to render meaningless the limitations period set forth at § 2244(d)(1) because any person in custody pursuant to the judgment of a Georgia court could circumvent the limitations period with the filing of a motion to vacate a void sentence -- a result certainly not intended by the court in *Estes*.

*Wetherington*, 2006 WL 1431595 at * 3; *see also DeJesus*, 567 F.3d at 943-44 (AEDPA's limitations period is an independent federal rule; a state's latitude or lassitude with respect to time does not extend the AEDPA's limit; so a state's decision to accept an untimely filing for collateral attack of a conviction does not justify back-dating that filing

8

for purposes of the limitations period; hence, "a state proceeding that does not begin until the federal year has expired is irrelevant."); *Griffith v. Rednour*, 614 F.3d 328, 330 (7th Cir. 2010) ("Once a petition has stopped being 'pending,' nothing a state court does will make it 'pending' during the time after the federal clock began to run and before another paper is filed in state court."); *U.S. ex rel. Cannon v. Hardy*, 2011 WL 2473666 at * 2 (N.D. Ill. Jun. 22, 2011) (petitioner failed to appeal the denial of his 2008 state post-conviction petition' s denial, so he ran out the one-year federal clock and did not restart it with his 2010-filed, state habeas petition).[8]

Accordingly, Espinosa's § 2254 petition here is too late. Nor has he offered any facts to warrant equitable tolling of the limitations period. His § 2254 petition therefore must be **DISMISSED**. Doc. 1. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see*

---

[8] Note that Espinosa's "vacate as void" filing appears to have been frivolous in any event. *See supra* n. 6. The *Estes* court reserved for another day whether frivolous filings thus could be disregarded for tolling analysis purposes. *Estes*, 362 F.3d at 1241 n. 7. This Court does likewise, as the above result moots it.

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 20th day of July, 2011.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

|  | Case # | Case Style | Judge | Status | Filing | Disp. Date | Disp. Stage | Disp. Code | Case Type(s) |
|---|---|---|---|---|---|---|---|---|---|
|  | 2008RCHM00056 | OMAR ESPINOSA VS. VICTOR WALKER | CARL C. BROWN JR. | CL | 12/8/2008 | 12/3/2009 | BT | JUDPLE | HABCOR |

**ATTACHMENT # 1**

- Seal
- Courtroom

- Careers
    - Employment Opportunuties



New Search| Feedback

# Docket/Case Inquiry System: Results

Tue 12 Jul 2011 01:28:28 PM EDT

### GENERAL INFORMATION

| | |
|---|---|
| Case Number: | A11A1874 |
| Style: | OMAR ESPINOSA V. THE STATE |
| Status: | Remittitur Mailed |
| Docket/Notice Date: | June 2, 2011 |
| Remittitur Date: | July 1, 2011 |
| Term: | September |
| Classification: | ARMED ROBBERY |
| Supreme Court Transfer #: | |
| Calendar Date:<br>First 2 digits = Month<br>Last 2 digits = Year | 0911 |
| COA Judgment/Date: | DISMISSED *(June 14, 2011)* |

### TRIAL COURT INFORMATION

| | |
|---|---|
| Case Number: | 2005R10639 |
| Clerk: | MR. F. BARRY WILKES |
| Judge: | HON. CHARLES PAUL ROSE |
| County: | LIBERTY |
| Court: | Superior Court |
| Order: | October 21, 2010 |
| Notice of Appeal: | November 12, 2010 |

### FILINGS AND COURT ACTIONS

Filing Date      June 13, 2011

**ATTACHMENT # 2**

| | |
|---|---|
| Filing | BRIEF OF APPELLANT /NT |
| Court Action Date | |
| Court Action | |

## MOTIONS AND COURT ACTIONS

| | |
|---|---|
| Motion Date | |
| Motion | |
| Court Action Date | June 14, 2011 |
| Court Action | DISMISSED |

## ATTORNEY INFORMATION

| | |
|---|---|
| Appellant | MR. OMAR ESPINOSA |
| Appellee | Mr. John Thomas Durden Jr. |

## SUPREME COURT INFORMATION

Ask the Clerk | Privacy Statement
Copyright © 2011 ---. All Rights Reserved.

Novell